UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60329
Summary Calendar
_____

JAKE AYERS, JR., Private Plaintiffs; BENNIE G. THOMPSON,
United States Congressman, Second Congressional District
Mississippi,

Plaintiffs-Appellants,

versus

GOVERNOR KIRK FORDICE, Defendants/Senior Colleges; STATE OF
MISSISSIPPI, Defendants,

Defendants-Appellees

and

HINDS JUNIOR COLLEGE, Board of Trustees; UTICA JUNIOR
COLLEGE, Board of Trustees; MISSISSIPPI DELTA JUNIOR
COLLEGE; COAHOMA JUNIOR COLLEGE,

Defendants,

versus

LOUIS ARMSTRONG,

Movant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(75-CV-9)
_____

September 25, 1996
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The appellants, private plaintiffs in a two-decades old action concerning desegregation of Mississippi universities, appeal the district court's May 8, 1995, denial of their request for an injunction prohibiting increases in tuition charged by Mississippi universities to nonresident students. (The appeal from the ruling on the merits, *Ayers v. Fordice*, 879 F. Supp. 1419 (N.D. Miss. 1995), is pending in a separate appeal, No. 95-60431.)

The appellants contend that the district court erred by conducting the hearing telephonically, ruling that nonresident tuition has no bearing on admissions standards, and failing to order additional remedial measures that were necessary to fully cure the violation. (Numerous issues are raised in the appellants' brief, such as classification of nonresident students, student loans, and minimum entrance requirements, that are outside the order in issue. We lack jurisdiction to consider those issues, and therefore do not address them.)

The district court held that the nonresident tuition increase did not violate its rulings delaying implementation of new admissions standards; that the appellants' individual constitutional rights are not implicated, because black nonresident

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

students are not members of the plaintiff class; that the appellants improperly sought to assert alleged rights of universities; and that present State policies associated with nonresident tuition are not vestiges or remnants of *de jure* segregation.

Essentially for the reasons stated by the district court, the request for injunctive relief is meritless. The contention concerning the telephonic hearing is likewise meritless. Accordingly, the district court did not abuse its discretion by denying the requested relief. Therefore, the denial of injunctive relief is

***AFFIRMED.***